SPOKANE ST. RY. Co. *v.* CITY OF SPOKANE FALLS *et al.*

*(Circuit Court, D. Washington, E. D.* April 23, 1891.)

INJUNCTION—STREET RAILWAY—PLEADING.

Where, in proceedings for injunction to prevent the destruction of plaintiff's street railway track, situated in one of the public streets of defendant city, it was denied by the answer that the track in question was constructed in accordance with the requirements either of the city ordinance or of the contract with the defendant transit company pursuant to which it was built, and the imperfections and deficiencies thereof were specified, the burden of showing a compliance therewith is on the plaintiff; and, if no evidence is taken, but the case is heard on the pleadings, the allegations of the answer must be taken as true; and, as it shows the construction of plaintiff's track to be in violation of the very law under which it claims, the injunction will be denied.

In Equity. On bill for injunction.
*Turner & Graves* and *F. T. Post,* for plaintiff.
*W. C. Jones,* for defendants.

HANFORD, J. The time for taking evidence having expired, and no evidence having been taken by either party, this cause was by the court set down for final hearing on the bill and answers, and it has been brought on for hearing and finally submitted accordingly. The complainant's professed object in bringing the suit was to prevent the destruction of a street railway track situated in one of the public streets in the city of Spokane. In the bill it is averred that the track was so constructed in all respects as to meet the requirements and fulfill the conditions of an ordinance of the city whereby it was granted a franchise for a street railway in said street; and also the requirements and conditions of a contract between it and the defendant "The City Park Transit Company." Upon the part of the complainant it is claimed that, by reason of having

constructed said track and being the owner thereof, and by virtue of its franchise granted by the city, and of said contract, said property cannot be removed from the street or destroyed by or under authority of the city government, without those clauses of the constitution of the United States which declare, "No state shall * * * pass any * * * law impairing the obligation of contracts," "nor shall any state deprive any person of life, liberty, or property without due process of law," being violated. Jurisdiction of the case in this court rests upon this claim alone. The separate answers of the defendants, without evasion or qualification, deny that the track which is the subject of the controversy has been constructed in conformity to the requirements of either the ordinance of the city or the contract with the City Park Transit Company, and they specify the imperfections of the track, and failures of the plaintiff to meet the requirements of the ordinance and contract aforesaid, in the following allegations:

"At some points the said tracks are laid high above the grade of the street, and at other points are laid below the grade of the street; that, from Bernard to Division street, said street is, as laid out, about three feet lower on the north side than it is on the south side; that, totally disregarding the rights of the city and the public in said street, the said complainant, in building said tracks, laid the same on a level from the south side of the street to the north side of said tracks, and caused the street to be level, thus throwing the entire slope of the street into a space of about 15 feet in width, and materially injuring that part of the said street lying north of the north side of said track, and in some places rendering the same, by the manner in which said tracks are laid, absolutely useless for the public travel, and materially injuring property lying on the north side of said street."

"That, in violation of the terms of said agreement, said plaintiff used, in the construction of said road, rails which were old, and had been used and worn for a considerable time, many of which were battered and twisted by usage, and were not first-class in any respect, and were manufactured of iron, and not of steel, and that it used in the construction of said road an insufficient number of ties to make the same safe or proper to be used as an electric railway, and many less ties to the mile than is used in the construction of the Ross Park Electric Railway; * * * and defendant further avers that the said line, as constructed by plaintiff on said Sprague street, as aforesaid, was wholly inferior, and in no respect equal, either in the character of the rails or the ties used in its construction, the manner of its finish or workmanship, to the said Ross Park Electric Railway. Defendant further avers that, at the time the said common council of the city of Spokane Falls passed the resolution set forth in the complainant's bill, the said track, by reason of the defective construction thereof, and the inferior and defective material used in the construction thereof, and by reason of the negligence of the plaintiff in caring therefor, became so crooked, rough, and uneven, and otherwise defective, that it could not have been safely used as an electric railway."

These several allegations of the defendants, although in form affirmative, are directly responsive to the bill, and, by controverting the same, raise material issues, whereby the burden was laid upon the plaintiff of proving this part of its case by sufficient evidence. Having failed to introduce such proof, the allegations of the defendants must be accepted for the purpose of the case as being strictly true, and they present an insurmountable obstacle to the granting of equitable relief to the plaintiff.

As the case is now presented to view, this plaintiff obtained a valuable franchise from the city upon specified terms and conditions. By accepting the franchise, it became obligated to comply with and fulfill those terms and conditions in the exercise of the powers and enjoyment of the rights so granted. These terms and conditions are matters of prime importance to the people of the city generally, and by so disregarding its obligations as to such conditions in the construction of its railway as to obstruct travel in the street, and create a nuisance therein, the plaintiff became a violator of the very law upon which the rights which it is seeking to protect by an injunction from this court must be predicated; and, being thus a violator of the law under which it is a beneficiary, it cannot, by reason of having been permitted to construct its track in a faulty manner by any principle of estoppel, come into a court of equity, and ask to have the maker of the law prohibited from enforcing the provisions thereof, made for the protection and preservation of the common rights of all the people. On the face of the plaintiff's bill it appears that the city government is invested with the control of the public streets of the city, and burdened with the duty of keeping the streets unobstructed and in safe condition for travel,—a duty the performance of which necessitates the removal from Sprague street of the obstruction placed there by plaintiff,—and it is to prevent the performance of such duty that this court is asked to exercise its power by issuing a writ of injunction. The plaintiff, while thus admitting and showing the powers and duties of the city respecting its streets, charges that the destruction of its tracks by the officers of the city, pursuant to a mere resolution of the city council, constitutes a wrongful use of force, and is therefore unlawful; and claims that, without judicial process authorizing it, the nuisance created by placing valuable property in the public street, thereby obstructing travel, cannot be lawfully abated; and in the argument the court is urged to grant an injunction to prevent such unlawful use of force and destruction of property. This appeal, however, is made to a court of equity, and the only answer it merits is that the plaintiff, who makes the appeal, is not entitled to any consideration from the court, because it does not come into equity offering, on its part, to do equity, and its hands are not clean. The contract between the plaintiff and the City Park Transit Company, as I construe it, provides for the building of such a railway in Sprague street as can be operated by the latter company in conformity with the provisions of its charter, by whatever motive power it may see fit to adopt. The plaintiff having undertaken to build a track, under the contract obligated itself to build such a track as could be operated by the defendant company. I do not mean by this that it was necessary to complete and fully equip the road for operation by electric power, but it was necessary that so much of the road as complainant did construct should be proper and suitable for the defendant's use. The rails and ties should be of suitable material, sufficient in number, and so constructed as to be available for use as an electric road, and the plaintiff could not, without violating the contract on its part, place in the street a track unsuitable to the defendant's use, and not capable of being operated by it, and thereby

excluding it from the use of the street to which it was entitled under its franchise, as well as under said contract. The City Park Transit Company does not appear, by any admitted allegations of the bill, to have ever approved of the manner in which the track was constructed, or to have accepted it as being built in performance of the contract, and it is not bound, by the law of estoppel, to accept as performance of the contract a structure which does not answer its requirements, but which is in fact a violation of the contract. The laws of this state make ample provision for preventing and punishing breaches of the peace, the unlawful use of force, and the malicious destruction of property, and afford ample remedies for all injuries inflicted by such wrongful conduct, and equity will leave a party, in the situation of this complainant, to obtain such relief or redress as the laws of the land may afford. In granting a temporary injunction, this court deprecated the use of force, and held that it was the duty of the court, pending the adjustment of the rights of the parties by the final decree, after a full hearing of the cause upon its merits, to use its power by issuing an injunction to prevent the destruction of the property involved in the controversy; and there is no intention on the part of the court to swerve from the principles upon which that decision was founded, but the case is now presented for final determination, after the parties have had ample time to make a full presentation of the cause upon its merits, and upon this hearing, as the want of equity on the part of the plaintiff has been made apparent, no part of the relief prayed for in the bill can be granted. Neither can any affirmative relief be afforded to the defendants. The decree will therefore be entered dismissing the suit, at the plaintiff's costs.